Theodore J. Chiacchio
**CHIACCHIO IP, LLC**
307 North Michigan Avenue, Suite 806
Chicago, Illinois 60601
Tel: (312) 815-2384
Email: tchiacchio@chiacchioip.com

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **HEARTLAND COMPUTERS, INC.,** *Plaintiff*, v. **CHIEF INDUSTRIES, INC.,** *Defendant*. | C.A. No. _____ |

**HEARTLAND COMPUTERS, INC.'S
COMPLAINT FOR DECLARATORY RELIEF**

Plaintiff Heartland Computers, Inc. ("Heartland"), by and through its undersigned counsel, for its Complaint against Defendant Chief Industries, Inc. ("Defendant"), hereby states and alleges as follows:

**NATURE OF ACTION**

1. This is an action brought pursuant to the Declaratory Judgment Act (28 U.S.C. §§ 2201 *et seq*.) to vindicate Heartland's priority of rights in the standard character trademark (i.e., the word mark) HEARTLAND (the "HEARTLAND Mark"), which Heartland has continuously used in commerce to designate the source of its goods and services since at least as early as October, 1991, *vis-à-vis* Defendant and its later use of the design mark



(the "Design Mark") of U.S. Registration No, 6,127,197 (the "Subject Registration").

2. Heartland seeks a declaratory judgment that Heartland possesses prior and superior rights in the HEARTLAND Mark to any rights of Defendant in the Design Mark and to any rights of Defendant in the HEARTLAND Mark, when used in connection with the Services (as defined below), the services identified in the Subject Registration, and in connection with any similar or related services.

## THE PARTIES

3. Heartland is an Illinois corporation located and doing business at 1000 Ridgeview Drive, McHenry, Illinois 60020.

4. Upon information and belief, Defendant is a Delaware corporation located and doing business at 3942 West Old Highway 30, Grand Island, Nebraska 68803.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over Heartland's claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 2201, 2202, 1331, and 1338(a).

6. Personal jurisdiction over Defendant is proper in Illinois because Defendant purposefully directly advertises, renders, and sells its services to residents of Illinois, including residents of this Judicial District. Further, Defendant uses the Design Mark at issue in this action in connection with the promotion of services to residents of Illinois, including this Judicial District.

7. The controversy with respect to which Heartland seeks declaratory relief in this action arises in substantial measure out of such contacts by Defendant with the state of Illinois and this Judicial District.

8. Further, this action arises in substantial measure out of communications between Heartland, a domiciliary of the state of Illinois, and Defendant, related to the Parties' respective trademark usage, including such usage in the state of Illinois and in this Judicial District specifically.

9. Defendant has sufficient minimum contacts with the state of Illinois by virtue of the systematic, regular, and substantial business activities that Defendant carries out throughout the state of Illinois.

10. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims set forth herein occurred in Illinois.

**FACTS COMMON TO ALL CLAIMS**

11. On or about April 6, 2022, Heartland filed U.S. Application Serial No. 97/349,395 (the "'395 Application") at the United States Patent and Trademark Office ("USPTO"), seeking to register the HEARTLAND Mark on the USPTO's Principal Register in connection with certain goods and services in International Class Nos. 009, 035, 037, 041, and 042, as set forth in the '395 Application, a true and accurate copy of which is attached hereto as **Exhibit A**.

12. The '395 Application, as currently amended, recites the following services in International Class 037:

> Installation, maintenance, and repair of barcode equipment, barcode scanners, touchscreen monitors, antennas for wireless communications apparatus for use in warehousing, distribution centers, and manufacturing, and consulting services related thereto; consultation about the repair of computer hardware and electronic apparatus; technical support services, namely, troubleshooting in the nature of the repair of computer hardware and electronic apparatus; providing technical support,

namely, technical advice concerning the installation, repair, and maintenance of electric and electronic apparatuses, equipment, and devices used for automated and partly automated industrial operations; installation, maintenance, and repair of mobile phones, tablet computers, smart phones, barcode readers, barcode equipment, barcode scanners, and touchscreen monitors for use in warehousing, distribution centers, and manufacturing; installation, maintenance, and repair of computer peripherals; installation, maintenance, and repair of labeling machines, bar code labelers, and printing machines in the field of warehouse management and computer hardware used therewith; installation, maintenance, and repair of hardware and apparatuses and instruments for tracking and identification of goods and people; installation, maintenance, and repair of hardware, apparatuses, and instruments for the capture, storage, transmission, reproduction, and output of data; installation, maintenance, and repair of printing apparatuses and instruments, printers, computers, handheld mobile electronic devices for recording, organizing, transmitting, manipulating, and reviewing text, data, image, and audio files, communications and telecommunications apparatuses and instruments, including wireless digital apparatus and instruments, and mobile phones; maintenance and repair of computer hardware; installation, maintenance, and repair of computer peripherals and electronic apparatus; installation of barcode systems integrated with warehouse management systems that print bar code labels and provides automated application of bar code labels onto goods; maintenance and repair of computer hardware, electronic touch screen devices, and wireless electronic devices; installation and maintenance of computer systems for tracing goods; installation and maintenance of mobile computing hardware for maintaining optimal environments in which to transport perishable goods; installation and maintenance of mobile technology, namely, computer hardware and wireless electronic devices for locating and tracking cargo, for establishing electronic proof of delivery of goods; installation and maintenance of mobile technology, namely, computer servers, for locating and tracking cargo, for managing distributors and distribution; installation and maintenance of mobile technology, namely, computer hardware for locating and tracking cargo, for fleet management; installation and maintenance of mobile technology, namely, computer hardware, for enhancing distribution efficiency; installation and maintenance of mobile technology, namely, computer hardware, for managing product storage yards facilities; installation and maintenance of mobile technology, namely, computer hardware, for management of cargo terminals; installation and maintenance of mobile technology, namely, bar code scanners allowing for customers to access prices and other product information, as well as product reviews; installation and maintenance of systems, namely computer hardware and wireless electronic devices, for locating and tracking cargo, and for tracing goods throughout a supply chain, using RFID technology and the Internet of Things; installation and maintenance of systems, namely computer hardware and wireless electronic devices, for locating and tracking cargo, and for managing inventory that may be operated substantially by voice commands.

(*See* **Exhibit B** at 2-3). The foregoing services are referred to herein collectively as the "Services."

13. Heartland began using the HEARTLAND Mark in commerce in connection with the Services, as well as in connection with the other services identified in the '395 Application, at least as early as October, 1991, (*see* **Exhibit A** at 1-7), when Heartland was organized and incorporated under the laws of the State of Illinois. A true and correct copy of the associated online records maintained by the Office of the Secretary of State of Illinois are attached hereto as **Exhibit C**.

14. Defendant is the record owner of the Subject Registration. The Subject Registration identifies the following services in International Class No. 037: "Providing electrical installation services for residential, commercial, industrial and institutional construction; construction planning including installation of electrical systems; providing installation, maintenance and repair services for electric, lighting, data and communication equipment, fixtures, panels, and wiring." A true and correct copy of the Subject Registration is attached hereto as **Exhibit D**.

15. The Subject Registration issued on August 18, 2020.

16. In connection with its application to register the Design Mark, Defendant represented to the USPTO that the Design Mark was first used in commerce in connection with the services listed in the Subject Registration on September 16, 2014. A true and correct copy of U.S. Application Serial No. 87/465,831 (the "Subject Application"), which issued as the Subject Registration, is attached hereto as **Exhibit E**.

17. The Subject Application was filed on May 26, 2017.

18. On or about January 27, 2023, the USPTO issued an Office Action refusing to register the HEARTLAND Mark that is the subject of the '395 Application, citing the Subject Registration as a basis for refusal under Section 2(d) of the Lanham Act based on a likelihood of

5

confusion. (*See* Ex. F at 9-10). A true and correct copy of the January 27, 2023 Office Action is attached hereto as **Exhibit F**.

19. As a consequence of this refusal, Heartland initiated Cancellation Proceeding No. 92082880 before the USPTO's Trademark Trial and Appeal Board (the "Board") seeking cancellation of the Subject Registration on the grounds of priority of use based on Heartland's prior and superior rights in the HEARTLAND Mark and likelihood of confusion as between the HEARTLAND Mark and the Design Mark.

20. On September 25, 2023, Defendant moved to dismiss the Cancellation Proceeding based on an alleged failure to state a claim upon which relief may be granted. That Motion was denied.

21. On January 3, 2024, Defendant answered Heartland's Petition for Cancellation and asserted affirmative defenses of (i) Failure to State a Claim Upon Which Relief May Be Granted; (ii) Tacking; and (iii) and Laches, Estoppel, and Acquiescence (as a single affirmative defense).

22. On January 29, 2024, Heartland moved to strike Defendant's Affirmative Defenses. The Board granted Heartland's Motion on April 11, 2024.

23. The Board, when striking Defendant's Affirmative Defenses, allowed Defendant to re-plead its Affirmative Defenses that had been stricken, as is customary practice in cases pending before the Board.

24. On May 13, 2024, Defendant filed an Amended Answer and Affirmative Defenses in the Cancellation Proceeding. In Defendant's Amended Answer and Affirmative Defenses, Defendant asserts the following Affirmative Defenses: "Prior Rights in the Heartland Electric Word Mark," "Prior Rights in the '197 Registration by Tacking," and Laches.

25. In the Cancellation Proceeding, Defendant argues that it possesses prior common law rights in use of the standard character trademark HEARTLAND ELECTRIC that pre-date Heartland's first use of the HEARTLAND Mark in commerce of October, l991. Defendant's position is not limited to any particular goods or services, or to any particular state(s) or geographic region(s).

26. Based on Heartland's review and analysis of Defendant's amended responsive pleading, after engaging with Defendant in settlement discussions for some time and having arrived at an impasse in those discussions, Heartland has decided to petition this Court for resolution of the Parties' dispute regarding priority of use.

27. Heartland has at all times since October, 1991 been using the HEARTLAND Mark to identify the source of Heartland's Services, among other services and goods. For example, Heartland advertises its goods and services through its website available at https://heartland-usa.com, as shown below.





28. Through its marketing, display, advertising, and sale of goods and services under the HEARTLAND Mark, Heartland has established extremely substantial marketplace goodwill in the HEARTLAND Mark.

29. Heartland has invested substantial financial resources and time in developing, promoting, and advertising its goods and services under the HEARTLAND Mark.

30. As a result of Heartland's extensive use of the HEARTLAND Mark in commerce in connection with its sale of goods and services, Heartland possesses valuable common law rights in and to the HEARTLAND Mark when used in connection with the Services and the other services and goods identified in the '395 Application, as currently amended.

31. The HEARTLAND Mark is inherently distinctive. It is not generic or descriptive of the goods or services Heartland offers to the consuming public, including the Services and the other services identified in the '395 Application, as amended.

32. Heartland's use of the HEARTLAND Mark in commerce in connection with Heartland's services predates the earliest date of use of the Design Mark by Defendant.

33. The USPTO's refusal to register the HEARTLAND Mark that is the subject of the '395 Application, on the grounds that there exists a likelihood of confusion between the HEARTLAND Mark and the Design Mark under Section 2(d) of the Lanham Act, has caused, and

continues to cause, harm to Heartland, including harm to the substantial goodwill developed by Heartland in the HEARTLAND Mark through its continuous and exclusive use of the HEARTLAND Mark since October, 1991, in connection with, among other services, the Services and the other services identified in the '395 Application.

## FIRST CLAIM FOR RELIEF
### (Declaratory Judgment of Nationwide Priority Pursuant to 28 U.S.C. §§ 2201 and 2202)

34. Heartland reiterates each of the allegations contained in paragraphs 1-33 as though fully set forth herein.

35. Heartland has been continuously using in commerce the HEARTLAND Mark to identify the source of its goods and services, including, among other services, the Services and the other services identified in the '395 Application since at least as early as October, 1991.

36. Defendant filed the Subject Application for the Design Mark on May 26, 2017, almost thirty years after Heartland commenced use of the HEARTLAND Mark.

37. In filing the Subject Application, Defendant represented that the date that Defendant first used the Design Mark was September 16, 2014.

38. Upon information and belief, Defendant did not use the Design Mark and likewise did not use the HEARTLAND Mark in commerce in connection with the services listed in the Subject Registration prior to October, 1991, the date of first use of the HEARTLAND Mark by Heartland.

39. The Subject Registration issued on August 18, 2020.

40. Heartland's use of the HEARTLAND Mark in commerce in connection with, among other services, the Services and the other services identified in the '395 Application,

predates the earliest date of use of the Design Mark by Defendant and any use of the HEARTLAND Mark by Defendant.

41. Heartland has used and continues to use the HEARTLAND Mark in commerce in connection with, among other services, the Services and the other services identified in the '395 Application.

42. Heartland possesses prior and superior rights in the HEARTLAND Mark as against Defendant's junior use of the Design Mark and any use by Defendant of the HEARTLAND Mark in connection with, among other services, the Services and the other services identified in the '395 Application, the services identified in the Subject Registration, as well as any services or goods similar to or related to such services.

43. This action is ripe for declaratory judgment pursuant to Rule 57 of the Federal Rules of Civil Procedure as authorized by 28 U.S.C. § 2201.

44. As a result of the above, there is an actual, justiciable, immediate, and substantial controversy between Heartland and Defendant arising under the Lanham Act, 15 U.S.C. §§ 1051 *et seq*. and federal common law as relates to priority of rights and ownership of the HEARTLAND Mark when used in connection with the Services, the other services identified in the '395 Application, the services identified in the Subject Registration, as well as services or goods similar to or related to such services.

45. In light of this dispute, Heartland seeks a declaration that Heartland possesses rights in the HEARTLAND Mark throughout the entire United States that are prior to and superior to any rights of Defendant in the Design Mark and any rights of Defendant in the HEARTLAND Mark, when such marks are used in connection with the Services, the other services identified in

the '395 Application, the services identified in the Subject Registration, as well as any services or goods similar to or related to such services.

**SECOND CLAIM FOR RELIEF (In the Alternative to Claim I)**
**(Declaratory Judgment of Priority Outside of Nebraska**
**Pursuant to 28 U.S.C. §§ 2201 and 2202)**

46. Heartland reiterates each of the allegations contained in paragraphs 1-45 as though fully set forth herein.

47. Heartland has been using the HEARTLAND Mark to identify the source of its goods and services, including use in connection with, among other services, the Services and the other services identified in the '395 Application since at least as early as October, 1991.

48. Defendant filed the Subject Application for the Design Mark on May 26, 2017, almost thirty years after Heartland commenced use of the HEARTLAND Mark.

49. In filing the Subject Application, Defendant represented that the date that Defendant first used the Design Mark was September 16, 2014.

50. Upon information and belief, Defendant did not, outside of the state of Nebraska, use the Design Mark and likewise did not use the HEARTLAND Mark, in commerce in connection with the services listed in the Subject Registration, prior to October, 1991, the date of first use of the HEARTLAND Mark by Heartland.

51. The Subject Registration issued on August 18, 2020.

52. Heartland's use of the HEARTLAND Mark in commerce in connection with, among other services, the Services and the other services identified in the '395 Application, outside of Nebraska, predates the earliest date of use of the Design Mark by Defendant and any use of the HEARTLAND Mark by Defendant.

53. Heartland has used and continues to use the HEARTLAND Mark in commerce in connection with, among other services, the Services and the other services identified in the '395 Application.

54. Outside of Nebraska, Heartland possesses prior and superior rights in the HEARTLAND Mark as against Defendant's junior use of the Design Mark and any use by Defendant of the HEARTLAND Mark in connection with, among other services, the Services and the other services identified in the '395 Application, the services identified in the Subject Registration, as well as any services or goods similar to or related to such services.

55. This action is ripe for declaratory judgment pursuant to Rule 57 of the Federal Rules of Civil Procedure as authorized by 28 U.S.C. § 2201.

56. As a result of the above, there is an actual, justiciable, immediate, and substantial controversy between Heartland and Defendant arising under the Lanham Act, 15 U.S.C. §§ 1051 *et seq*. and federal common law as relates to priority of rights and ownership of the HEARTLAND Mark outside of the state of Nebraska when the HEARTLAND Mark is used in connection with the Services, the other services identified in the '395 Application, the services identified in the Subject Registration, as well as services or goods similar to or related to such services.

57. In light of this dispute, Heartland seeks a declaration that Heartland possesses rights in the HEARTLAND Mark throughout the entire United States that are prior to and superior to any rights of Defendant in the Design Mark and any rights of Defendant in the standard character mark HEARTLAND, when such marks are used in connection with the Services, the other services identified in the '395 Application, the services identified in the Subject Registration, as well as any services or goods similar to or related to such services.

**THIRD CLAIM FOR RELIEF  (In the Alternative to Claims I and II)
(Declaratory Judgment of Priority With Respect to Certain Services**

**Pursuant to 28 U.S.C. §§ 2201 and 2202)**

58. Heartland reiterates each of the allegations contained in paragraphs 1-57 as though fully set forth herein.

59. Heartland has been continuously using the HEARTLAND Mark in commerce to identify the source of its goods and services, including use in connection with, among other services, maintenance and repair services for data and communication equipment, since at least as early as October, 1991.

60. Defendant filed the Subject Application for the Design Mark on May 26, 2017, almost thirty years after Heartland commenced use of the HEARTLAND Mark.

61. In filing the Subject Application, Defendant represented that the date that Defendant first used the Design Mark was September 16, 2014.

62. Upon information and belief, Defendant did not use the Design Mark and likewise did not use the HEARTLAND Mark in commerce in connection with maintenance and repair services for data and communication equipment prior to October, 1991, the date of first use of the HEARTLAND Mark by Heartland.

63. The Subject Registration issued on August 18, 2020.

64. Heartland's use of the HEARTLAND Mark in commerce in connection with, among other services, maintenance and repair services for data and communication equipment, predates the earliest date of use of the Design Mark by Defendant and any use of the HEARTLAND Mark by Defendant.

65. Heartland possesses prior and superior rights in the HEARTLAND Mark as against Defendant's junior use of the Design Mark and any use by Defendant of the HEARTLAND Mark

in connection with, among other services, maintenance and repair services for data and communication equipment.

66. This action is ripe for declaratory judgment pursuant to Rule 57 of the Federal Rules of Civil Procedure as authorized by 28 U.S.C. § 2201.

67. As a result of the above, there is an actual, justiciable, immediate, and substantial controversy between Heartland and Defendant arising under the Lanham Act, 15 U.S.C. §§ 1051 *et seq*. and federal common law as relates to priority of rights and ownership of the HEARTLAND Mark when used in connection with maintenance and repair services for data and communication equipment, as well as services or goods similar to or related to such services.

68. In light of this dispute, Heartland seeks a declaration that Heartland possesses rights in the HEARTLAND Mark throughout the entire United States that are prior to and superior to any rights of Defendant in the Design Mark and any rights of Defendant in the HEARTLAND Mark, when such marks are used in connection with maintenance and repair services for data and communication equipment, as well as any services or goods similar to or related to such services.

**PRAYER FOR RELIEF**

WHEREFORE, Heartland respectfully requests that this Court grant it the following relief:

1. Enter judgment that Heartland's rights in the HEARTLAND Mark are, throughout the entire United States, prior to and superior to any rights of Defendant in the Design Mark and any rights of Defendant in the HEARTLAND Mark, when such marks are used in connection with the Services, the other services identified in the '395 Application, the services identified in the Subject Registration, as well as any services or goods similar to or related to such services; or

2. In the alternative, enter judgment that Heartland's rights in the HEARTLAND Mark are, throughout the United States outside of Nebraska, prior to and superior to any rights of

14

Defendant in the Design Mark and any rights of Defendant in the HEARTLAND Mark, when such marks are used in connection with the Services, the other services identified in the '395 Application, the services identified in the Subject Registration, as well as any services or goods similar to or related to such services; or

      3.      In the alternative, enter judgment that Heartland's rights in the HEARTLAND Mark are, throughout the United States, prior to and superior to any rights of Defendant in the Design Mark and any rights of Defendant in the HEARTLAND Mark when such marks are used in connection with maintenance and repair services for data and communication equipment; and

      4.      Order any such other or further relief as the Court may deem just and proper.

Dated: September 9, 2024                Respectfully Submitted,

                                                 /s/ Theodore J. Chiacchio

                                                 Theodore J. Chiacchio
                                                 **CHIACCHIO IP, LLC**
                                                 307 North Michigan Avenue, Suite 806
                                                 Chicago, Illinois 60601
                                                 Tel: (312) 815-2384
                                                 Email: tchiacchio@chiacchioip.com